# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILLIAM RAY,

Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

_____ /

Case No. 1:25-cv-01177-SKO

ORDER ON PLAINTIFF'S SOCIAL
SECURITY COMPLAINT

(Doc. 1)

## I.    INTRODUCTION

Plaintiff William Ray ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for Child's Insurance Benefits (CIB) under Title II of the Social Security Act, 42 U.S.C. § 402(d), and for Supplemental Security Income (SSI) under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381–1383f.[1]  (Doc. 1.)  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States

---

[1] Disabled child's insurance benefits are paid to the qualified "child . . . of an individual entitled to old-age or disability insurance benefits, or of an individual who dies a fully or currently insured individual," if the child is 18 years of age, or older, and has a disability that began before she turned 22 years old.  42 U.S.C. § 402(d)(1)(B)(ii); 20 C.F.R. § 404.350(a)(5); *Moore v. Comm'r of Social Sec. Admin*., 278 F.3d 920, 925 (9th Cir. 2002).  SSI is paid to financially needy disabled persons.  42 U.S.C. § 1382(a); *Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler*, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq*., is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . . .").

Magistrate Judge.[2]

## II.   FACTUAL BACKGROUND

Plaintiff was born in 1986, has a high school education, and has no past relevant work. (Administrative Record ("AR") 40, 121, 132, 145, 158, 191.)  Plaintiff filed claims for CIB and SSI payments on February 25, 2019, alleging he became disabled on January 1, 1993, due to bipolar, learning disability, autism, and attention deficit hyperactivity disorder (ADHD).  (AR 122, 132–33, 146, 176, 159.)  It was thereafter determined that Plaintiff became eligible for CIB on November 20, 2004.  (AR 18, 177.)

### A.   Relevant Evidence of Record[3]

In April 2024, following a comprehensive psychological evaluation, consultative psychologist Marilyn Martinez, Ph.D., opined that Plaintiff had a mild impairment in his ability to "understand, remember, and carry out simple one or two-step instructions" and a moderate impairment in his ability to do "detailed and complex instructions; "maintain concentration and attention, persistence, and pace"; "associate with day-to-day work activity, including attendance and safety"; and "perform work activities without special or additional supervision."  (AR 892.)  Dr. Martinez further found Plaintiff had no impairment in his ability to "relate and interact with coworkers and the public"; "accept instructions from supervisors"; and "maintain regular attendance in the workplace and perform work activities on a consistent basis."  (AR 892.)  She also indicated that Plaintiff appeared able to administer his own funds.  (AR 892.)

### B.   Administrative Proceedings

The Commissioner denied Plaintiff's application for benefits initially on July 29, 2019, and again on reconsideration on April 9, 2020.  (AR 176, 202–211, 217–227.)  Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  (AR 228–244.)

Following a hearing, an Administrative Law Judge (ALJ) issued a written decision on March 26, 2021, finding Plaintiff not disabled.  (AR 176–192.)  Plaintiff requested review by the Appeals

---

[2] The parties consented to the jurisdiction of a U.S. Magistrate Judge.  (*See* Doc. 9.)

[3] Because the parties are familiar with the medical evidence, it is summarized here only to the extent relevant to the contested issues.

Council and on August 4, 2022, the Appeals Council remanded the matter to the ALJ to conduct to take any further action needed to complete the record and issue a new written decision. (AR 197–200.)

At the hearing on February 23, 2024, Plaintiff appeared telephonically and testified before an ALJ as to his alleged disabling conditions. (AR 97–108.) Plaintiff's grandmother (AR 108–114) and a Vocational Expert (VE) (AR 114–17) also testified at the hearing.

**C.      The ALJ's Decision**

In a decision dated July 24, 2024, the ALJ found that Plaintiff was not disabled. (AR 17–42.) The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 404.1520(a)(4) and § 416.920(a)(4). (AR 20–42.) The ALJ first determined that Plaintiff had not attained age 22 as of November 20, 2004, the alleged onset date. (AR 20.) The ALJ next decided that Plaintiff had not engaged in substantial gainful activity since November 20, 2004, the beginning of the relevant period (step one). (AR 20.) At step two, the ALJ found Plaintiff's following impairments to be severe: bipolar disorder, anxiety, depression, ADHD, and borderline intellectual functioning. (AR 21–24.) Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 24–25.)

The ALJ then assessed Plaintiff's residual functional capacity (RFC)[4] and applied the assessment at steps four and five. *See* 20 C.F.R. § 404.1520(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."); *see id*. § 416.920(a)(4) (same). The ALJ determined that Plaintiff had the RFC:

---

[4] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996). The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id*. "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 883 (9th Cir. 2006).

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] is able to perform simple and routine tasks and make simple work-related decisions.  He can have occasional interaction with supervisors and coworkers, but with no tandem tasks, and he cannot have any interaction with the public.  [Plaintiff] is able [*sic*] limited to jobs involving few changes to work process or setting.

(AR 25–40.)  Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" they rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record . . . ."  (AR 26.)

The ALJ determined Plaintiff had no past relevant work (step four), but considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform (step five).  (AR 40–41.) Ultimately, the ALJ concluded that Plaintiff had not been under a disability from November 20, 2004, through the date of the decision.  (AR 41–42.)

Plaintiff sought review of the decision before the Appeals Council, which denied review on July 31, 2025.  (AR 1–6.)  Therefore, the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. §§ 404.981, 416.1481.

### III.    LEGAL STANDARD

#### A.    Applicable Law

An individual is considered "disabled" for purposes of disability benefits if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they] are not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act."  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920.  The

Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 416.920(a)(4) (providing the "five-step sequential evaluation process" for SSI claimants). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520); 20 C.F.R. § 416.920.

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.      Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). *See also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.

2008) (citation omitted).  Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)).  "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)).  "An error is harmless only if it is 'inconsequential to the ultimate nondisability determination.'" *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015)).  "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV.    DISCUSSION

Plaintiff asserts that the ALJ failed adequately to address assessed limitations in a credited medical opinion, resulting in an unsupported RFC, and prejudiced him by allowing him to appear without counsel at the administrative hearing.  (Docs. 18, 20.)  The Commissioner counters that the ALJ adequately translated the credited medical opinion into the assessed RFC and properly conducted the administrative hearing.  (Doc. 19.)

The Court agrees with Plaintiff that the assessed RFC is not supported by substantial evidence, as the ALJ did not adequately address whether and how it accounts for credited medical opinion evidence regarding Plaintiff's moderate limitation in his ability to "perform work activities without special or additional supervision" and on that basis will reverse and remand the matter for

further proceedings.[5]

**A.    Legal Standard**

"In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).  "[A]n RFC that fails to take into account a claimant's limitations is defective."  *Valentine*, 574 F.3d at 690.

"Where an ALJ accords substantial or great weight to a physician's opinion, [they] must either incorporate their findings into the RFC or offer an explanation for why he chose not to accept them." *Sahyoun v. Saul*, No. 2:18-CV-576-EFB, 2020 WL 1492661, at *3 (E.D. Cal. Mar. 27, 2020); *see also Martin v. Comm'r of Soc. Sec. Admin.*, 472 F. App'x 580 (9th Cir. 2012) ("The administrative law judge (ALJ) erred when formulating Martin's residual functional capacity (RFC) because the RFC neither incorporated Dr. Steiner's opinion of Martin's work limitations nor gave specific and legitimate reasons for rejecting it."); *Bain v. Astrue*, 319 F. App'x 543, 545–46 (9th Cir. 2009) (holding ALJ erred in not including consultative examining psychologist's moderate limitations in the RFC, despite specifically crediting these limitations in the opinion); *Harrell v. Kijakazi*, No. 1:20-cv-00614-GSA, 2021 WL 4429416, at *4 (E.D. Cal. Sept. 27, 2021) ("The ALJ was under no obligation to accept a medical opinion he found unsupported by the record.  But, having clearly stated that he was giving [the physician]'s opinion great weight, the ALJ was under an obligation to account for the moderate limitations [the physician] identified irrespective of the broader reasoning in support of the RFC."); *Flores v. Saul*, No. 1:18-cv-01523-SKO, 2020 WL 509098, at *5 (E.D. Cal. Jan. 31, 2020) (finding ALJ erred by assigning great weight to consultative psychologist's opinion, but failing to provide specific and legitimate reasons for rejecting significant portions of the opinion); *Wascovich v. Saul*, No. 2:18-cv-659-EFB, 2019 WL 4572084, at *3–5 (E.D. Cal. Sept. 20, 2019) (finding ALJ erred by assigning substantial weight to consulting examiner's

---

[5] Because further proceedings will necessitate the re-evaluation of the evidence and re-assessment of the RFC, *see infra*, the Court does not reach the additional allegation of error.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Rendon G. v. Berryhill*, No. EDCV 18-0592-JPR, 2019 WL 2006688, at *8 (C.D. Cal. May 7, 2019); *Harris v. Colvin*, No. 13-cv-05865 RBL, 2014 WL 4092256, at *4 (W.D. Wash. Aug. 11, 2014); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

opinion that the plaintiff had a mild to moderate impairment in her capacity to maintain regular attendance, but failed to account for the limitation in the RFC); *Neufeld v. Berryhill*, No. 2:16-cv-03644 (VEB), 2018 WL 4739699, at *6 (C.D. Cal. Sept. 30, 2018) ("Having afforded 'great weight' to the opinions of Dr. Bartell and Dr. Loomis, the ALJ was bound to either incorporate their findings as to Plaintiff's limitations or explain why she decided not to accept them."). An ALJ errs when they do not explain why they did not adopt all findings or limitations from a persuasive opinion. *Patterson v. Comm'r of Social Sec.*, No. 2:23-cv-00635 AC, 2024 WL 4216810, at *8 (E.D. Cal. Sept. 17, 2024).

**B.    Analysis**

As set forth above, and as pertinent here, consultative examiner Dr. Martinez opined that Plaintiff was moderately limited in his ability to "perform work activities without special or additional supervision." (AR 892.) The ALJ found the opinion "partially persuasive," explaining that Dr. Martinez "adequately accounted for [Plaintiff's] subjective complaints of intellectual difficulties, as well as difficulty concentrating, as well as his performance on the assessments he completed to the extent reasonable given his lack of effort, which she documented throughout her evaluation." (AR 39.) The ALJ determined that greater limitations in the RFC were warranted as Dr. Martinez "did not adequately consider the claimant's significant legal history or his long history of mood-related difficulties and symptoms of psychosis." (AR 39.)

The question before the Court is whether the ALJ, having deemed Dr. Martinez's opinion persuasive, "appropriately translated the moderate limitations from that opinion into concrete restrictions in the RFC." *Harrell*, 2021 WL 4429416, at *6–7; *see also id.* ("But, having clearly stated that he was according Dr. Stafford's opinion great weight, the ALJ was under an obligation to account for the moderate limitations Dr. Stafford identified irrespective of the broader reasoning in support of the RFC."). In answering this question, the Court is mindful that an ALJ's RFC findings need only be consistent with assessed limitations and not identical to them. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222–23 (9th Cir. 2010); *Wascovich*, 2019 WL 4572084, at *5 ("This does not necessarily mean that the ALJ was required to explicitly transcribe the limitation in the RFC. Rather, he is required to account for it in his 'translation.'"); *Rounds v. Comm'r of Soc.*

*Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."); *Ashlock v. Kijakazi*, No. 1:21-cv-01687-GSA, 2022 WL 2307594, at *3 (E.D. Cal. June 27, 2022) ("The RFC need not mirror a particular opinion; it is an assessment formulated by the ALJ based on all relevant evidence.").

Here, it is not clear from the ALJ's decision if—and if so, how—the ALJ may have incorporated into the assessed RFC the opined moderate limitation in Dr. Martinez's persuasive opinion regarding Plaintiff's ability to work without special or additional supervision. *See Wascovich*, 2019 WL 4572084, at *5. The Commissioner contends that Dr. Martinez's opined limitations are accounted for by the assessed RFC. (Doc. 19 at 5–6.) The Court disagrees.

First, the Commissioner maintains that the RFC adequately accounted for all of Plaintiff's "moderate" limitations considering that a "moderate" limitation in the context of Dr. Martinez's evaluation means "more than a slight limitation" but that Plaintiff "could still function satisfactorily." (*Id.* at 5–6.) However, in formulating an RFC, the ALJ must account for **all** of a claimant's medically determinable impairments, including those that are not "severe," and evaluate "all of the relevant medical and other evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); *Valentine*, 574 F.3d 690 (an RFC that "fails to take into account a claimant's limitations is defective"). Therefore, an ALJ errs when, as here, the ALJ provides an incomplete RFC ignoring "significant and probative evidence." *Hill v. Astrue*, 698 F.3d 1153, 1161–62 (9th Cir. 2012). Here, the ALJ generally credited Dr. Martinez's opinion and incorporated some of the moderate concentration limitations into the assessed RFC. However, the ALJ did not address Dr. Martinez's opinion as to the assessed moderate limitation in Plaintiff's ability to "perform work activities without special or additional supervision" by either translating the opined limitation into the RFC or explaining why the ALJ declined to credit Dr. Martinez's opinion as to it. This was error. *See Macquarrie v. Comm'r of Soc. Sec.*, No. 1:21-CV-00072-CDB, 2023 WL 8242069, at *7 (E.D. Cal. Nov. 28, 2023).

Defendant next cites a Ninth Circuit case, *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008), to support the proposition that an RFC limited to simple work "account[s] for moderate limitations." (Doc. 19 at 6.) That case is distinguishable from the instant matter.

In *Stubbs-Danielson v. Astrue*, the Ninth Circuit noted that an "ALJ's RFC finding properly incorporated the limitations . . . related to pace and the other mental limitations regarding attention, concentration, and adaption." *Id.* at 1174. However, courts have frequently distinguished *Stubbs-Danielson* as inapplicable to cases with opined limitations beyond concentration, persistence, or pace. *Macias*, 2021 WL 856423, at *6 (distinguishing *Stubbs-Danielson* as "the moderate restrictions at issue here involve limitations in maintaining attendance and completing a normal workday, not limitations in concentration, persistence or pace"); *Harrell*, 2021 WL 4429416, at *6 (finding that *Stubbs-Danielson* did not "specifically address the extent to which a limitation to simple and routine tasks appropriately accounts for the limitations identified"); *Warren v. Saul*, No. 8:19-CV-02270-PD, 2021 WL 259435, at *5 (C.D. Cal. Jan. 26, 2021) (finding case factually distinguishable from *Stubbs-Danielson* where assessment that Plaintiff could perform work involving simple, repetitive tasks requiring only simple work-related decisions and involving only occasional changes in a routine work setting, with unlimited contact and interaction with supervisors as necessary to receive work-related instructions but otherwise only occasional interaction with coworkers, failed to address the moderate limitations found by physician in plaintiff's ability to maintain regular attendance, interact with a supervisor, or complete an eight-hour workday in a regular workplace); *Sahyoun*, 2020 WL 1492661, at *4 (noting factual distinction from *Stubbs-Danielson* where physician did not opine that plaintiff could sustain work involving simple, repetitive tasks despite his moderate limitations in maintaining regular attendance, completing a normal workday or work). As in those cases, here Dr. Martinez opined other moderate limitations beyond concentration, persistence, or pace. (*See* AR 892.) *Stubbs-Danielson* therefore does not exempt the ALJ from needing to account for Dr. Martinez's other opined limitations.

In fact, district courts within the Ninth Circuit, including this one, have held that a limitation to simple work does not account for a moderate limitation in Plaintiff's ability to "perform work activities without special or additional supervision," as opined by Dr. Martinez. *See Gowan v. Comm'r of Soc. Sec.*, No. 1:23-cv-00598-DAD-AC, 2024 WL 3372470, at *3 (E.D. Cal. July 11, 2024) ("[T]he RFC's restriction to 'simple, routine and repetitive tasks' did not account for [moderate] limitations to plaintiff's ability to . . . perform work activities without additional or

special supervision."); *Duran v. Colvin*, No. 2:11-cv-02978-DAD, 2013 WL 1281907, at *3–4 (E.D. Cal. Mar. 26, 2013) (granting summary judgment in favor of the plaintiff because "the ALJ's RFC determination does not account for," among other limitations, a limitation "in her ability to sustain an ordinary routine without special supervision," where the RFC limited the plaintiff to "unskilled non-detailed tasks"). *See also Donald J. M. v. O'Malley*, No. 22-cv-1926-MMP, 2024 WL 1342573, at *14-17 (S.D. Cal. Mar. 29, 2024) (finding that the ALJ's RFC limiting plaintiff to simple, routine tasks and no interaction with the public failed to account for the plaintiff's moderate limitation in, among others, performing work activities without special or additional supervision); *Proulx v. Kijakazi*, No. 18cv1755 JAH-BGS, 2023 WL 5737785, at *6 (S.D. Cal. Sept. 5, 2023) (holding that a limitation to simple routine tasks did not provide for the plaintiff's moderate limitations in the ability to "perform work activities without special or additional supervision"); *Davis v. Saul*, No. 20cv814-BLM, 2021 WL 2333256, at *10 (S.D. Cal. June 7, 2021) (concluding that the ALJ erred by failing to include in the RFC or hypotheticals that the plaintiff was moderately limited in her ability to perform work activities or an ordinary routine without special supervision or to obtain testimony or other evidence establishing that the limitation language utilized by the ALJ captured the restrictions identified in the medical evidence); *Donna M. v. Saul*, No. 19-cv-03134-DMR, 2020 WL 6415601, at *4 (N.D. Cal. Nov. 2, 2020) (finding limitation to simple, routine tasks in RFC did not address other moderate limitations, including the plaintiff's ability to perform work activities on a consistent basis without special or additional supervision.); *Lisardo S. v. Berryhill*, Case No. 5:18-cv-00480-AFM, 2019 WL 773686, at *5 (C.D. Cal. Feb. 20, 2019) (finding the ALJ's RFC restricting the plaintiff to simple work with a predictable work routine and no more than simple decision making did not accommodate the plaintiff's moderately limited ability to perform work without special or additional supervision.); *Cummings v. Berryhill*, No. 5:17-cv-00056-AS, 2018 WL 813620, at *1, 3 (C.D. Cal. Feb. 9, 2018) (ALJ's RFC determination limiting the plaintiff to work involving simple, routine tasks, a non-public environment, and non-intense interaction with coworkers and supervisors failed to take into account that plaintiff was "moderately limited in his ability to perform work activities without additional or special supervision, to complete a normal workday or workweek without interruption resulting from any psychiatric conditions, and to deal

with the usual stresses encountered in competitive work").

The Court therefore finds that the ALJ's RFC did not adequately address or account for Dr. Martinez's moderate limitation in Plaintiff's ability to "perform work activities without special or additional supervision." Because the ALJ credited Dr. Martinez's opinion, the ALJ needed to address either (1) how they translated the opined moderate limitations into the RFC, or (2) why they did not. *See Stubbs-Danielson,* 539 F.3d at 1174. Absent an explanation for failing to account for these limitations, the Court concludes that the ALJ's RFC determination is not supported by substantial evidence. *See Christopher S. Z. v. O'Malley*, No. 2:23-CV-09446-DTB, 2024 WL 6916748, at *4 (C.D. Cal. Oct. 15, 2024); *Sahyoun*, 2020 WL 1492661, at *3; *Robbins*, 466 F.3d at 886 ("an ALJ is not free to disregard properly supported limitations"); *Warren v. Saul*, No. 8:19-CV-02270-PD, 2021 WL 259435, at *6 (C.D. Cal. Jan. 26, 2021); *Byrd v. Colvin*, 2017 WL 980559, at *8 (D. Or. Mar. 14, 2017) ("Here, the ALJ gave great weight to [the] opinion, but the RFC failed to take into account all of the limitations identified by [the doctor], and the ALJ failed to explain why she did not include the limitations in the RFC. As a result, the ALJ erred in formulating the RFC.").

**C.    Harmlessness Review**

The Court must now consider whether the ALJ's error was harmless. *Molina*, 674 F.3d at 1115. Courts look to the record as a whole to determine whether the error alters the outcome of the case. *Id*.; *March v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015). An error is harmless "where it is inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (citations omitted).

The Court cannot conclude that the error is harmless as it is not clear whether inclusion of the unaddressed moderate limitation as opined by Dr. Martinez would have eliminated available jobs. Moderate limitations are not per se disabling, but they may translate into more concrete work restrictions. *See Macquarrie*, 2023 WL 8242069, at *7. For example, the VE testified that a person who was off task more than 10% of the workday would have no work available to them. (AR 76.) Had the ALJ included different limitations in the RFC based upon a proper review of the evidence, the ultimate disability determination may have been different. Accordingly, the Court cannot find

that the error was "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115.

**D.      Remedy**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits.  Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled.  *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, the Court finds that remand for further proceedings is the appropriate remedy.  *See, e.g., Chan v. Bisignano,* No. 1:25-CV-01479-SKO, 2026 WL 807520, at *7 (E.D. Cal. Mar. 24, 2026) (remanding for further proceedings where RFC determination was not supported by substantial evidence due to failure to consider credited moderate limitations).  On remand, the ALJ shall either incorporate all of the moderate limitations assessed by Dr. Martinez into the assessed RFC or explain why any such limitation(s) is not incorporated.

**V.      CONCLUSION AND ORDER**

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is, therefore, VACATED.  The case is REMANDED to an ALJ for further proceedings consistent with this Order.  The Clerk of Court is DIRECTED to enter judgment in favor of Plaintiff William Ray and against Defendant Frank Bisignano, Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   **June 25, 2026**                    /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE